# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Paul A. Straus
Direct Dial: (212) 556-2136
pstraus@kslaw.com

March 27, 2018

**VIA ECF**

Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *River Birch Capital, LLC v. Jack Cooper Holdings Corp., et al.*, **1:17-cv-09193 (WHP)**

Dear Judge Pauley:

      On behalf of our clients, defendants Jack Cooper Holdings Corp. ("Jack Cooper"), T. Michael Riggs and Michael Testman (collectively, "Defendants"), we write this brief reply to the March 26, 2017 letter of Paul Silverstein, Esq., counsel for River Birch.

      Plaintiff's letter demonstrates why Defendants are asking the Court to reconsider its prior directive on the non-party preservation notice. Plaintiff's so-called "narrowed" version of the preservation notice annexed as Exhibit A to their letter (1) showcases a front-page description of Jack Cooper's supposed "fraud," (2) requests documents from January 1, 2015 to the present, (3) purports to bind hundreds of parties unrelated to this dispute because Ford, GM and Toyota are large, worldwide organizations that have thousands of corporate affiliates (*see, e.g.,* http://www.toyota-tsusho.com/english/company/group/), and (4) calls for the preservation of documents unlikely to lead to the discovery of admissible evidence such as internal, non-party communications that never made their way to Jack Cooper.

      When this subject was broached during the court conference, Defendants, along with the Court, were open to considering a preservation notice. That changed, however, upon further consideration of the allegations and after we received Plaintiff's initial draft notice that on its face demonstrated Plaintiff's intent – to embarrass Jack Cooper and harm its customer relationships while seeking documents that are not relevant or necessary to the case. This makes this situation different from the cases Plaintiff cites in which discrete, particularized discovery was sought that was actually relevant to the allegations. *See Gruber v. Gilbertson*, 16-cv-9727 (WHP), 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017); *Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2012 WL 1438241, at *3 (S.D.N.Y. Apr. 25, 2012).

  Jack Cooper is confident this case will be dismissed on a motion to dismiss. On the off-chance it is not, Jack Cooper is preserving all documents relevant to the allegations. Plaintiff's allegations focus on what Jack Cooper knew or was reckless in not disclosing. Jack Cooper's customers' documents simply are not relevant to those allegations in any event.

  For all the above reasons and the reasons set forth in its March 22 letter, Jack Cooper respectfully requests the Court reconsider its directive to allow the notice at this time.

              Respectfully submitted,

              /s/ Paul A. Straus_____
              Paul A. Straus

cc: Counsel for Plaintiff (via ECF)